UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DONALD E. BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 2:10 CV 231 JM |
| v. | ) |
| | ) |
| LAKE COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Donald E. Boyd, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Boyd claims that he was forced to live under unsanitary conditions of confinement at the Lake County Jail. Specifically, he alleges that on the afternoon of May 7, 2010, he was in the dayroom playing cards when his cell mate and another inmate got into a fight inside his cell. These inmates were taken to the "hole," and several guards, including Sgt. Heunber, Officer Perez, Officer McCedar, and Officer Miller, took Boyd back to his cell and examined him to determine whether he had been involved in the fight. After determining that he had not been involved, they left and proceeded to put the entire section on lockdown. The lockdown continued for the next 72 hours.

Boyd alleges that while the officers were speaking with him in his cell, he pointed out to them that there was blood on his table, toilet, and floor from the fight. He claims they told him they would bring him some cleaning supplies so he could clean up the blood, but they never did. He alleges that he pressed his call button repeatedly over the next 72 hours and spoke with several different guards, including Officers McKinney, Calvary, and Rodziewicz, all of whom promised to bring him some cleaning supplies but never did. He states that after 72 hours he "cleaned up the blood with my

own towel and soap," and that he did so without wearing gloves because he was not given the proper supplies. (DE #5 at 4.)

He further states that on the first evening of the lockdown, his toilet backed up and overflowed. He states that he pushed his call button and spoke with Officers Rodman and Lumsdon. They informed him that someone would be coming to fix the toilet. He asked to be moved to another cell until it was fixed but they told him to "just be calm and wait." (DE #5 at 4.) At the start of the next shift he spoke with Officers Brown and Calvary, who also promised to send maintenance staff to his cell, but no one ever came. He further alleges:

> This went on for three days while we were on lock down. During the first two days out of the three I used the bathroom hoping they made it up to fix it. At that time my toilet was full of feces and urine and still no one did anything. On the third day I had to use my cups and plastic bags as my toilet and pour it in my sink. After we were of[f] lockdown it took another three days before maintenance came to check my toilet.

(DE #5 at 4.) He asserts that due to this incident, which was extremely stressful to him, he had to be placed on a medication for high blood pressure. (DE #5 at 5.)

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong inquires whether the alleged deprivation or condition of confinement is "sufficiently serious" as to constitute a "denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing,

shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish an Eighth Amendment violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493. If the conditions pass the objective inquiry, the court then must determine whether the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, Boyd alleges that for at least 72 hours, he was forced to live in a cell smeared with someone else's blood and containing a broken and overflowing toilet filled with urine and feces. His allegations, taken as true, satisfy the objective prong of the Eighth Amendment inquiry. *See Vinning-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007) (reversing summary judgment for defendant where prisoner was deprived of basic sanitation items and incarcerated for six days in a cell in which blood and feces were smeared the walls, water covered the floor, and the sink and toilet did not work); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989) (prisoner stated an Eighth Amendment claim where his requests for cleaning supplies were ignored while he was

4

incarcerated for three days in a cell that was smeared with human feces and was without running water); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* and the more general standards of dignity embodied in the Eighth Amendment.").

With respect to the subjective prong, Boyd's allegations, taken as true, show that he made several guards aware of these unsanitary conditions, and they promised to take action but did not do so. Although further factual development may show that the delay was caused by circumstances beyond the control of the guards, giving Boyd the inferences to which he is entitled at this stage, he has stated a claim against the defendants for deliberate indifference. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate repeatedly complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

For these reasons, the court:

(1) **GRANTS** Donald E. Boyd leave to proceed on an Eighth Amendment claim against Sgt. Heunber and Officers Rodman, Lumsdon, Perez, Brown, Calvary, Rodziewicz, McKinney, McCedar, and Miller in their individual capacities for compensatory damages for housing him in a cell smeared with blood and containing a clogged and overflowing toilet for a period of at least 72 hours beginning on or around May 7, 2010;

(2) **DISMISSES** all other claims;

5

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sgt. Heunber, and Officers Rodman, Lumsdon, Perez, Brown, Calvary, Rodziewicz, McKinney, McCedar, and Miller;

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Heunber, and Officers Rodman, Lumsdon, Perez, Brown, Calvary, Rodziewicz, McKinney, McCedar, and Miller respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: August 2, 2010

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT