UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DONALD E. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10 CV 231 JM |
| | ) | |
| LAKE COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Donald E. Boyd, a *pro se* prisoner, was granted leave to proceed on a claim against several Lake County Jail officers for housing him under unsanitary conditions during a three-day lockdown occurring on or around May 7, 2010. (DE #6.) The defendants move for summary judgment on the ground that Boyd failed to exhaust his administrative remedies before filing suit. (DE # 28.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his own pleading, but

rather must introduce affidavits or other evidence setting forth facts showing a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Furthermore, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

Here, the undisputed facts show that Boyd was housed at the Lake County Jail from April 2010 to July 2010. (DE # 29-1 at ¶ 9.) The jail has a formal grievance procedure, contained in an inmate handbook that is provided to all incoming jail inmates and posted in every housing section of the jail. (*Id.* at ¶¶ 4-6.) Under the grievance process, an inmate must first try to resolve the problem orally with the correctional officer assigned to his or her area. (DE # 29-2 at 11.) If dissatisfied with the response, the inmate may file a formal grievance, which is decided by the deputy warden's office. (*Id.*) If still dissatisfied, the inmate may appeal to the warden and,

2

thereafter, to the sheriff. (*Id.* at 11-12.) The forms necessary to complete the grievance process are available to inmates 24 hours a day. (DE # 29-1 at ¶ 7.)

A record is kept of all inmate grievances, and those records indicate that during the time he was housed at the jail, Boyd did not file any grievance or appeal pertaining to any matter. (*Id.* ¶¶ 8-12.) Accordingly, the defendants argue that this case must be dismissed. (DE # 28.) More than sixty days have passed since the defendants filed their motion, and Boyd has not filed a response or objection.[*] Because the record shows that Boyd did not properly exhaust his administrative remedies before filing suit, this case must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

For the reasons set forth above, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED.**

Date: February 9, 2011

    s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT

---

[*] It appears that Boyd was released from the jail in July 2010, but he has not provided the court with an updated address. Boyd was notified of and acknowledged his obligation to promptly notify the clerk of any change in address at the time he filed his amended complaint. (*See* DE # 5 at 6.) The record reflects that the defendants sent a copy their motion and the required notice under *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), to Boyd at his last known address contained in jail records. (*See* DE # 30 at 4.)